UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JACK K. HUMPHREY, )
 )
    Plaintiff, )
 )
v. ) 3:13-CV-40
 ) (VARLAN/GUYTON)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
 )
    Defendant. )

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Judgment On The Pleadings [Doc. 15], and the defendant's Motion For Summary Judgment [Doc. 19]. Plaintiff Jack K. Humphrey ("Humphrey") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

## BACKGROUND

Humphrey was 50 years of age when the ALJ issued his decision in this case in October, 2011 (Tr. 23, 197). He has work experience as an "oiler", an automobile detailer, a construction worker, and an utility tractor ("Bobcat") operator (Tr. 68). The parties agreed that this work experience was "unskilled to semiskilled" (Tr. 48). Humphrey has a ninth grade education (Tr. 254); however, the ALJ found Humphrey to be illiterate (Tr. 17).

The Court has considered the medical evidence in the record, the testimony at the hearings (Tr. 29-54; 57-73), and all other evidence in the record. The parties have filed Memoranda [Docs. 16, 20]. The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within

which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

3

## POSITIONS OF THE PARTIES

Humphrey alleges that he has been disabled since September, 2007, due to heart disease, hypertension, diabetes and hernias, and because he is "limited in reading and writing" (Tr. 247).

The ALJ concluded that Humphrey had the RFC to perform light work, but that Humphrey was precluded from climbing ladders, ropes or scaffolds, and was limited to occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; and must avoid concentrated exposure to extreme temperatures, pulmonary irritants, or hazards (Tr. 17). Further, the ALJ determined that Humphrey could not do highly skilled or detailed work, but he could understand, remember, and carry out simple tasks, but was limited to casual contact with the public. Finally, the ALJ found that Humphrey could adapt to occasional routine changes in the workplace (Tr. 17).

The ALJ concluded that Humphrey could not perform his past relevant work. However, based on the testimony of a vocational expert, Jane Hall, (Tr. 48-52), and the Medical-Vocational Guidelines ("the Grid"), the ALJ concluded that Humphrey could perform jobs that exist in significant numbers in the national, regional and local economy, despite his limitations (Tr. 22). In reaching this conclusion, the ALJ stated that "transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled" (Tr. 22).

The Plaintiff asserts that the ALJ erred in determining that Humphrey was capable of performing the unskilled jobs identified by the vocational expert, because the ALJ did not identify any transferable skills. The Plaintiff argues that the ALJ had to identify any transferable skills, because the ALJ relied on the Grid.

4

The Commissioner's position is that the ALJ did not rely solely on the Grid, but relied on testimony of a vocational expert that there were jobs which the Plaintiff could perform. The Commissioner argues that Humphrey's complaint about the ALJ's Decision is not well-taken, and that the Decision is supported by substantial evidence.

**ANALYSIS AND BASIS FOR RECOMMENDATION**

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ did not commit error in his explanation of the transferability of skills.

The Plaintiff bases his argument on SSR 82-41. In relevant part, SSR 82-41 reads, "When the issue of skills and their transferability must be decided, the adjudicator or ALJ is required to make certain findings of fact and include them in the written decision. . . <u>When a finding is made that a claimant has transferable skills</u>, the acquired work skills must be identified." SSR 82-14, 1982 WL 31389, at *7. (emphasis added).

The Sixth Circuit has determined that neither SSR 82-41's identification requirement, or the regulations, require the ALJ to identify the claimant's transferable skills where the ALJ uses the Grid as a framework but relies "on the testimony of a vocational expert to find that the claimant possesses the capacity to perform other substantial gainful activity that exists in the national economy." <u>Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541, 548-50 (6th Cir. 2004). The Commissioner, therefore, asserts that under <u>Wilson</u>, the identification of transferable skill requirement of SSR 82-41, and the regulations, do not apply to cases in which the Grid is used as

a framework for the ALJ's decision, because the Grid does not account for the claimant's limitations. Id. at 549–50.

The Court agrees. Humphrey concedes that there is no Sixth Circuit case law which supports his position that the ALJ, when using the Grid, must assess whether the claimant has transferable skills pursuant to SSR 82-41, 1982 LEXIS 314 [Doc. 16, p. 7]. Moreover, Humphrey does not address the applicability of the Wilson decision to this case.

In this case, the ALJ did not rely on the Grid to determine whether Humphrey was disabled. The ALJ relied on the testimony of the vocational expert to determine whether Plaintiff could perform other work (Tr. 22, 50-51). As Wilson notes, "This court has held repeatedly that the testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work." Id. at 549. Accordingly, the ALJ did not err in failing to identify Plaintiff's transferable skills. See Woodruff v. Astrue, 1:12-CV-1752, 2013 WL 821336, at *7-8 (N.D.Ohio, Mar. 5, 2013) (unpublished disposition) (finding SSR 82-41 and transferability of skills was inapplicable where ALJ relied on the testimony of a vocational expert to find claimant could perform other jobs). Moreover, because the ALJ found Plaintiff could perform unskilled work, transferability of skills is not an issue. See 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1) ("We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.)

6

Case 3:13-cv-00040-TAV-HBG   Document 21   Filed 08/16/13   Page 6 of 7   PageID #: 961

a framework for the ALJ's decision, because the Grid does not account for the claimant's limitations. Id. at 549–50.

The Court agrees. Humphrey concedes that there is no Sixth Circuit case law which supports his position that the ALJ, when using the Grid, must assess whether the claimant has transferable skills pursuant to SSR 82-41, 1982 LEXIS 314 [Doc. 16, p. 7]. Moreover, Humphrey does not address the applicability of the Wilson decision to this case.

In this case, the ALJ did not rely on the Grid to determine whether Humphrey was disabled. The ALJ relied on the testimony of the vocational expert to determine whether Plaintiff could perform other work (Tr. 22, 50-51). As Wilson notes, "This court has held repeatedly that the testimony of a vocational expert identifying specific jobs available in the regional economy that an individual with the claimant's limitation could perform can constitute substantial evidence supporting an ALJ's finding at step 5 that the claimant can perform other work." Id. at 549. Accordingly, the ALJ did not err in failing to identify Plaintiff's transferable skills. See Woodruff v. Astrue, 1:12-CV-1752, 2013 WL 821336, at *7-8 (N.D.Ohio, Mar. 5, 2013) (unpublished disposition) (finding SSR 82-41 and transferability of skills was inapplicable where ALJ relied on the testimony of a vocational expert to find claimant could perform other jobs). Moreover, because the ALJ found Plaintiff could perform unskilled work, transferability of skills is not an issue. See 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1) ("We consider you to have skills that can be used in other jobs, when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work.)

The record, including the vocational expert's testimony, provides substantial evidence to support the ALJ's findings and his conclusion that Humphrey was not disabled. Accordingly, the Court finds the Plaintiff's assignment of error to be without merit.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Judgment On The Pleadings [Doc. 15] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 19] be **GRANTED**.[1]

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).